[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Michael Bogan entered a guilty plea to unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). Bogan now appeals from the trial court's adjudication that he is a sexual predator. In four assignments of error, Bogan argues (1) that R.C. 2950.09 violates the Ex Post Facto Clause of the United States Constitution and the retroactivity clause of the Ohio Constitution; (2) that R.C. 2950.09
violates the Double Jeopardy Clause of the United States Constitution; (3) that R.C. 2950.09 is unconstitutionally vague; and (4) that his sexual-predator adjudication was against the manifest weight of the evidence.
We overrule Bogan's first assignment of error on the authority of Statev. Cook.[1] We overrule Bogan's second and third assignments of error on the authority of State v. Williams.[2] In his fourth assignment of error, Bogan claims that his sexual-predator adjudication was against the manifest weight of the evidence. Because there is clear and convincing evidence in the record to support the trial court's findings and judgment, we overrule this assignment of error.
The classification hearing in this case was held before the same judge who had accepted Bogan's guilty plea, entered judgment, and imposed sentence. At the hearing, the state offered into evidence proof of Bogan's 1998 conviction in Butler County for gross sexual imposition, as well as the Butler County court's sexually-oriented-offender classification, its presentence-investigation report, and the probation department record. The Butler County records included a court psychiatric evaluation. The state also offered into evidence proof of Bogan's juvenile record, which included a public indecency adjudication that had stemmed from a gross-sexual-imposition charge. The state submitted a transcript of Bogan's police interview relating to his unlawful-conduct-with-a-minor conviction, as well as a court psychiatric evaluation ordered following the conviction. Bogan introduced evidence that he had successfully terminated his probation in Butler County, and that he was currently employed.
In finding Bogan to be a sexual predator, the trial court considered the relevant R.C. 2950.09(B)(2) factors. The court noted that Bogan was twenty-five years old at the time of the offense, and that his victim was only fifteen years old. The court also took into account Bogan's prior criminal record, including the 1998 gross-sexual-imposition conviction that involved a ten-year-old girl. While Bogan had completed some sexual-behavior courses, he had failed to complete another behavioral course and psychological counseling. The court noted the pattern of the offenses in that they involved young girls. Furthermore, the court considered Bogan's alcohol abuse, which was a factor in his prior offense.
The court noted the mental health reports' guarded prognosis for Bogan, and their predictions that he would reoffend. The court commented on Bogan's admitted attraction to young girls, as an indication of an inappropriate interest according to the mental-health reports. Furthermore, the court noted Bogan's lack of remorse and poor insight into the problem of improper sexual behavior. The court indicated that Bogan had failed to register as a sexual offender in Hamilton County and that he had "engaged in a complicated plan to seduce the victim by luring her to his residence."
After reviewing the record, we are persuaded that the trial court had ample evidentiary material before it to produce a firm belief or conviction that Bogan was likely to engage in one or more sexually-oriented offenses in the future.[3] Consequently, there was clear and convincing evidence to support the finding that Bogan is a sexual predator.[4]
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.
[1] (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122.
[2] (2000), 88 Ohio St.3d 513, 728 N.E.2d 342.
[3] See R.C. 2950.01(E); State v. Eppinger (2001), 91 Ohio St.3d 158,162, 743 N.E.2d 881, 885.
[4] See R.C. 2950.09(B); In re Adoption of Holcomb (1985),18 Ohio St.3d 361, 368, 481 N.E.2d 613, 620.